UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Deborah A. Roth,

Plaintiff,

v.

City of Robbinsdale, et al.
City of Crystal, et al.

Defendants.

Civil No. 01-2308 JRT/FLN

**ORDER**

---

Robert M. Gardner, Esq., for Plaintiff.
Joseph E. Flynn, Esq. and Jason J. Kuboushek, Esq., for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 28, 2002, on Plaintiff's Motion to Amend the Complaint to Include Claim for Punitive Damages [#32].

## I. FACTUAL BACKGROUND

On November 16, 2001, police were dispatched to Jessie Henski's ("Mr. Henski") apartment, on a report of a domestic assault on Plaintiff. Jessie Henski was the Plaintiff's boyfriend at the time. Robbinsdale Police arrived at the scene, were informed that the Plaintiff was not there and the report was false. The police left the location and filed no report. Late in the evening on November 17, 2001, Robbinsdale Police were again dispatched to the same location, on a third-party report of an altercation in progress. Police arrived at the scene, and were assisted by Crystal Police Sgt. Holmes. Upon arrival, the officers observed the Plaintiff and Mr. Henski engaged in an animated verbal argument, and saw that Mr. Henski was holding a golf club. In an effort to defuse the argument,



FILED NOV 1 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Officer Wanamaker attempted to escort the Plaintiff to her squad car to calm her down. The Plaintiff pulled away from the officer, and a physical struggle ensued. During the ensuing struggle, the Plaintiff's arm was broken. Plaintiff thereafter pleaded guilty to a misdemeanor charge of obstructing legal process arising out of her initial resistance to Sgt. Wanamaker's attempt to escort Plaintiff to her squad car. Plaintiff now seeks leave of the Court to add punitive damages to her claims against the officers.

## II. DISCUSSION

### A. Standard of Review

In the Federal Courts of this District, the pleading of a punitive damage claim, under causes of action premised upon the laws of the State of Minnesota, must generally conform to the requisites of Minn. Stat. §§ 549.191 and 549.20. See Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1256 (8th Cir. 1994); Olson v. Snap Prod., Inc., 29 F. Supp.2d 1027, 1034 (D.Minn. 1998). Under Minn. Stat. § 549.191, plaintiffs seeking to assert a punitive damage claim must first obtain the leave of the Court to do so, based upon a *prima facie* showing of entitlement. See Olson, 29 F. Supp.2d at 1034.

If the Court finds "*prima facie* evidence in support of the motion, the [C]ourt shall grant the moving party permission to amend the pleadings to claim punitive damages." Minn. Stat. § 549.191. *Prima facie* evidence is that evidence which, if unrebutted, would support a judgment in that party's favor. See Olson, 29 F. Supp.2d at 1034. Under the strictures of Minn. Stat. § 549.191, the Court reviews the evidence in support of a Motion to Amend as the Court would review a Motion for Entry of Judgment as a Matter of Law. Id.; see also Federal Rules of Civil Procedure 50(a).

Minn. Stat. § 549.20 (1)(a) provides that "[p]unitive damages shall be allowed in civil actions

only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others." The term "deliberate disregard" is comprehensively defined in the statute, as follows:

> (b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:
>
> > (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or
> >
> > (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

Minn. Stat. § 549.20 (1)(b). "Where the evidence is sufficient to permit the Jury to conclude that it is 'highly probable' that the defendant acted with deliberate disregard to the rights or safety of others, the 'clear and convincing' standard is satisfied." See Olson, 29 F. Supp.2d at 1035-36. Ultimately, when presented with a motion for leave to assert a punitive damage claim, the Court must do more than "rubber stamp" the allegations in the motion papers. Id. at 1036 (citations omitted). The Court must independently ascertain whether there exists *prima facie* evidence that the defendant acted with a deliberate disregard of the rights or safety of others.

**B. Legal Analysis**

The Plaintiff presented a statement from Mr. Henski in support of her contention that officers acted in deliberate disregard for her safety. Mr. Henski's statement is not inconsistent with the evidence presented by the Defendants that Plaintiff was flailing her arms wildly as Officer Wanamaker attempted to escort her. Assuming without deciding that the officers used excessive force in attempting to subdue the Plaintiff, the evidence before the Court does not amount to a *prima*

*facie* showing that the officers acted in deliberate disregard of Plaintiff's safety.[1] That Plaintiff pleaded guilty to a charge of obstructing legal process in connection with these events further strengthens the Court's conclusion that Plaintiff has failed to establish *prima facie* evidence that the officers acted in deliberate disregard of her rights.

## III. ORDER

Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend the Complaint to Include Claim for Punitive Damages [#32] is hereby **DENIED**.

DATED: Nov. 1, 2002.

FRANKLIN L. NOEL
United States Magistrate Judge

[1]The Court observes that Plaintiff's own version of events was presented to the Court through an unsworn statement she made to the police. Minnesota Statute Section 549.191 contemplates that the factual basis for a claim of punitive damages must be established through affidavits. The outcome of this motion, however, would not differ even if Plaintiff swore to facts set forth in her statement to the police.